



U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 19  AM 10: 21

LORETTA G. WHYTE
       CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREENFIELD COMMERCIAL CREDIT, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-3391** |
| **CATLETTSBURG REFINING, L.L.C.** | **SECTION "K"(2)** |

## ORDER AND REASONS

Before the Court are two motions, a Motion to Lift Stay Against Non-Debtors Catlettsburg Refining, L.L.C. and Jacobs Engineering Group, Inc. filed by Greenfield Commercial Credit, L.L.C. ("Greenfield") (Doc. No. 38) and Catlettsburg Refining, L.L.C.'s Motion to Lift Stay Against All Non-Debtors (Doc. No. 39). Having reviewed the pleadings, memoranda and the relevant law, the Court finds that it is proper for it to grant the motion of Catlettsburg Refining, L.L.C. ("Catlettsburg") which in essence renders Greenfield's motion moot.

**Background**

On May 15, 2003, Greenfield and PipeWorks, Inc. ("PipeWorks") entered into a Factoring Agreement. Greenfield purchased accounts receivables ("Factored Accounts") from

PipeWorks which included amounts allegedly due to PipeWorks from Catlettsburg. Greenfield alleges that despite repeated notices to Catlettsburg, Catlettsburg is in arrears approximately $2,253,326.68 and the instant suit was filed.

However, Catlettsburg contends that it did not buy materials directly from PipeWorks. Rather Jacobs Engineering Group, Inc. ("Jacobs") purchased material for use in the Catlettsburg refinery facility for which Jacobs was providing certain engineering services and materials. Jacobs allegedly paid the invoices and then independently billed Catlettsburg for reimbursement of those amounts which Catlettsburg maintains that it paid to Jacobs.

Catlettsburg maintains that Jacobs learned that many of the PipeWorks invoices were erroneously sent or were "bogus" including many of the invoices sold to Greenfield. Catlettsburg maintains that all the money due between PipeWorks and Jacobs is approximately $148,000.

Greenfield subsequently added Jacobs as a defendant in this matter. Catlettsburg answered the initial complaint denying any liability and asserted a number of its own claims including third-party claims against Jacobs and PipeWorks and alleged third-party claims against various other entities and individuals related to PipeWorks which Catlettsburg contends were operating as a single business enterprise or are so inter-related or connected that they are liable for the amounts sought by Greenfield. These entities include PipeWorks Louisiana, Inc., Pipeworks Services, Inc., Pipeworks Reserve, Inc., ("Pipeworks Reserve"), Inland Fabricators, LLC ("Inland"), Fleur Group, Inc. Roger E. Thomas ("Thomas"), and Jimmy Dale LaFleur ("LaFleur"). In addition, it has interpleaded five suppliers of PipeWorks that have urged claims

against Catlettsburg for amounts allegedly owed them from PipeWorks in connection with the materials supplied for the Catlettsburg construction.

Jimmy Dale LaFleur and Pipeworks Reserve, Inc. filed for bankruptcy, and as a result of the automatic stay that issues pursuant to 11U.S.C. §362(a), this Court stayed all proceedings as to all parties. On June 8, 2005, the Motion to Lift Stay only as to Catlettsburg and Jacobs was filed by Greenfield. Catlettsburg did not object to the lifting of the stay, rather it filed the subject Motion to Lift Stay Against All Non-Debtors, maintaining that the stay should be lifted as to all non-debtor parties. Roger Thomas and Inland Fabricators oppose the lifting of the stay as to all parties contending that a section 362(a) stay operates not only as to claims against the debtors, but as to any act to exercise control over property of the estate, or to create, perfect, or enforce any lien against the debtor, property of the debtor and property of the estate. 11 U.S.C. § 362(A)(1),(3), (4) and (5). Because Catlettsburg has alleged claims of single business enterprise and certain revocatory actions, these third-party defendants maintain that the third-party claims are (1) against the debtors, (2) are against an entity that Catlettsburg wrongly asserts is/are the debtor(s), (3) are actually claims against the property of the debtors' estates or (4) an attempt to exercise control of assets that Catlettsburg wrongly asserts are property of the estate.

**Analysis**

As noted in *Generes v. GTS Corp.*, 1992 WL 165669 (E.D.La. July 6, 1992), "extension of bankruptcy stays to non-bankrupt defendants is limited to situations where proceeding against such defendants could have a significant impact on the bankrupt. In determining the scope of the

3

bankruptcy stays courts consider the co-defendant's right to indemnification from the bankrupt, their role in the reorganization process of the bankrupt and whether there is a separate independent claim against them." *Id.* at *1 *citing In Re North Star Contracting Corp. v. McSpedon*, 125 B.R. 368 (S.D.N.Y. 1991). As explained in *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), automatic stays to non-bankrupt co-defendants issue only in unusual situations.

> This 'unusual situation,' it would seem, arises when there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant. . . an illustration of such a situation would be a suit against a third party who is entitled to absolute indemnity by the debtor.

*Id.* at 999; *Generes*, *1.

In the instant matter before the Court, Thomas and Inland Fabricators' characterization of the effect of the claims made by Catlettsburg appear to be overstated and unsupported by the record. The record is decidedly unclear as to which of the third-party defendants are so related to or have such a relationship with Pipeworks Reserve and/or LaFleur that any judgment against the others would effect the estates of the debtors. A review of the 13 claims as outlined at page 4 of the Reply Memorandum in support of Motion to Lift Stay as to All Non-Debtors (Doc. 43) demonstrates that only the following claims may effect the debtors' estates:

11. Claims for alter ego, veil piercing, [single business enterprise] and continuation of operations (Amended and Supplemental thirdparty Complaint, Pars. 42-49);

12. Claims for successor liability in that PipeWorks, Inc. and its principals sold, transferred and/or shifted that company's assets to other entities related to PipeWorks and/or its principals and thereby assumed its liabilities (*Id.* par. 50);

4

    13.    A revocatory action because PipeWorks' transfers of its assets to Inland (and perhaps to other third party defendants) rendered PipeWorks insolvent (or more insolvent than it was prior to the transfers) and/or were in fraud of the company's creditors, including Greenfield and Catlettsburg (*id.*, par. 51).

The only two entities that have filed for bankruptcy protection to date are LaFleur and Pipeworks Reserve–not the primary third-party defendant PipeWorks or the apparent owner of its assets Inland. From the record before the Court is unclear that the failure to maintain a stay as to all other co-defendants would clearly impact the debtors' estates. Neither Inland Fabricators nor PipeWorks, the original defendant in this matter, has filed for bankruptcy protection. As such, the legal justification for taking the unusual step of staying this matter as to all non-bankrupt debtors is absent, and the Court will lift the stay as to all non-debtor parties. However, the Court notes that in the event that it can be demonstrated to the Court that indeed a judgment against any of the non-bankrupt third-party defendants would effect the estates of either Pipeworks Reserve or Thomas, the Court would reconsider this ruling upon proper motion made. Accordingly,

**IT IS ORDERED** that Catlettsburg Refining, L.L.C.'s Motion to Lift Stay Against All Non-Debtors (Doc. No. 39) is **GRANTED** and the automatic stay is hereby **LIFTED** as to all parties in this litigation **except as to Pipeworks Reserve, Inc. and Jimmy Dale LaFleur.**

**IT IS FURTHER ORDERED** that the Motion to Lift Stay Against Non-Debtors Catlettsburg Refining, L.L.C. and Jacobs Engineering Group, Inc. filed by Greenfield Commercial Credit, L.L.C. ("Greenfield") (Doc. No. 38) is **MOOT**.

Houma, Louisiana, this 10th day of October, 2005.

　　　　　　　　　　　　　　　　　　STANWOOD R. DUVAL, JR.
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE